Order Entered.

Patrick M. Flatley
United States Bankruptcy Judge

# IN THE UNITED STATES BANKRUPTCY COURT
# FOR THE NORTHERN DISTRICT OF WEST VIRGINIA

| | |
|---|---|
| In re: ) | |
| ) | |
| MARIO ALBERTO ORELLANA and ) | Case No. 18-bk-1001 |
| CHERI BABETTE ORELLANA, ) | |
| ) | |
| Debtors. ) | Chapter 7 |
| ) | |

## MEMORANDUM OPINION

Pending before the court is the Chapter 7 trustee's motion to dismiss based upon the Debtors' alleged failure to cooperate with him. According to the trustee, the court should dismiss the Debtors bankruptcy case under § 521(e)(2) of the Bankruptcy Code because they failed to provide him with a copy of the federal income tax return for the most recent tax year (2017) before the petition date. The Debtors oppose the trustee's motion and assert that they did not file an income tax return for tax year 2017 but did provide the trustee with a copy of their last filed tax return which was for the tax year 2007.

For the reasons stated herein, the court will enter a separate order scheduling a hearing to determine whether the Debtors provided the trustee with a copy of their 2007 tax return on or before November 29, 2018, and if not, whether the failure was due to circumstances beyond their control.[1]

## I. BACKGROUND

On October 29, 2018, the Debtors filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code. On December 06, 2018, the Chapter 7 trustee conducted the meeting of creditors pursuant to §341 of the Code. Shortly thereafter, the trustee moved to dismiss the

---

[1] Notably, where dismissal is contrary to the interests of the estate and of creditors the trustee has the authority to waive an untimely delivery of documents under § 521(e)(2)(A). *In re Duffus*, 339 B.R. 746, 748 (Bankr. D. Or. 2006).

Debtors' case because they had failed to provide to him a 2017 tax return. On January 22, 2019, the court held a hearing on the motion and took the matter under advisement.

It is undisputed that, at least as of January 22, the Debtors have not filed a federal income tax return for 2017. The Debtors aver that that the last return they filed was for tax year 2007.

## II. ANALYSIS

The issue before the court involves the interpretation of § 521(e)(2) of the Bankruptcy Code. The trustee asserts that it requires the Debtors to submit to him a copy of their 2017 tax return. The Debtors contend that the statute simply requires them to provide to the trustee their most-recently-filed tax return; here, their 2007 tax return.

Among a debtor's duties is to provide:

> Not later than 7 days before the date set for the first meeting of creditors, the trustee a copy of the Federal income tax return required under applicable law (or at the election for the debtor, a transcript of such return) for the most recent tax year ending immediately before the commencement of the case and for which a Federal income tax return was filed.

11 U.S.C. § 521(e)(2)(A)(i). If a debtor fails to comply with that obligation, "the court shall dismiss the case unless the debtor demonstrates that the failure to so comply is due to circumstances beyond the control of the debtor." 11 U.S.C. § 521(e)(2)(B)

There are differing interpretations of § 521(e)(2)(B) among bankruptcy courts. One approach finds that the statute requires the debtor to submit to the trustee his or her most-recently-filed tax return when the tax return for the most recent tax year has not yet been filed. *In re Casey*, 274 F. App'x 205, 205 (3d Cir. 2008) ("§ 521(e)(2)(A)(i) by its terms requires the submission of only an *already-filed* tax return, not the completion, filing, and submission of any subsequent return."). A second approach is to find that compliance with the statue requires the debtor to file a tax return for the tax year immediately preceding the commencement of the case and to provide a copy of the return to the trustee not later than seven days before the meeting of creditors. *In re Walker*, No. 06-10879, 2006 WL 4671832 (Bankr. D. Md. July 20, 2006) (dismissing debtor's Chapter 13 case for her failure to file the previous year's tax return and to provide the trustee with a copy of the filing when the debtor did not demonstrate that the failure was due to circumstances beyond her control). A third approach is to find that compliance requires only providing the trustee with the tax return from the most recent tax year and *only if* the debtor has filed that year's tax return. Otherwise no tax return is due to the trustee under § 521(e)(2)(A)(i). *In re Wandvik*, No. 07–03766, 2009 WL 909260, at *4 (Bankr. S.D. Iowa Apr. 2, 2009).

The interpretation of § 521(e)(2)(A) is uncomplicated when a debtor files a tax return for the tax year immediately preceding the commencement of the case. *In re Mitchell*, 582 B.R. 262, 264 (Bankr. N.D. Ga. 2018). In that case, the debtor must timely provide a copy of that return unless the debtor can demonstrate failure to produce the return was due to circumstances beyond the debtor's control. *Id*. Here, had the Debtors filed their 2017 tax returns, those returns would be due to the trustee subject to the Debtors' demonstration that failure was due to circumstances beyond their control. However, when the debtor has not filed a tax return for the most recent tax year preceding the commencement of the case, it is less clear what return, if any, the debtor must provide. *Id*.

This court finds that the most reasonable interpretation of § 521(e)(2)(A)(i) is that if no return has been filed for the tax year preceding the commencement of the case, the debtor is required to provide the trustee with a copy or transcript of the return for the most recent year for which a return has been filed, unless pursuant to § 521(e)(2)(B), the debtor demonstrates that the failure to do so was due to circumstances beyond the debtor's control. *E.g.*, *In re Casey*, 274 F. App'x at 206; *In re Mitchell*, 582 B.R. 264; *In re Mixon*, No. 11-00014, 2011 WL 1587123, at *3 (Bankr. D.D.C. Apr. 26, 2011) ("If the return for the most recently concluded tax year preceding the commencement of the case has *not* been filed, then the return for the most recent year for which a return *has* been filed is the next best thing."); *In Re Viola*, No. 09-CV-01880-WYD, 2010 WL 2653320, at *2 (D. Colo. July 1, 2010) (finding that the language of the statute "unambiguously requires the debtor to provide the tax return for the most recent year for which a tax return was filed . . . ."). This interpretation gives meaning to both requirements of § 521(e)(2)(A). *In re Mitchell*, 582 B.R. 264. As noted by the *Mitchell* court, the statute is unclear what is required when the debtor has not filed taxes for the tax year preceding the commencement of the case.

> The language of the first part of the requirement ("for the most recent tax year ending immediately prior to the commencement of the case") would seem to require the delivery of a nonexistent return. However, the language of the second part of the requirement ("and for which a Federal income tax return was filed") could either be read to excuse delivery if no relevant return had been filed, or to point to a different year (i.e. the last year for which a return had actually been filed) in such circumstances.

*Id.*

This court does not believe that the second part of the requirement is meant to excuse delivery. The better interpretation is that when no return has been filed for the tax year preceding the commencement of the bankruptcy case, a different year is required, the year in which the debtor

last filed a tax return.  Moreover, the language in the first part of the requirement that the debtor provide the return from the most recent tax year ending *immediately* before the commencement of the case, as noted in *In re* Mixon, the word "immediately" can be construed as "closely."  *In re Mixon*, No. 11-00014, 2011 WL 1587123, at *2.  Thus, "production of a tax return is required for a tax year that (in comparison to other years) is closely before the commencement of the case and for which a return was filed."  *In re Mixon*, No. 11-00014, 2011 WL 1587123, at *2.

In this case, the date set for the first meeting of creditors was December 06, 2018.  Therefore, the Debtors had until November 29, 2018, to provide to the trustee a copy or transcript of the appropriate tax return.  The tax year immediately preceding the commencement of the Debtors' case was 2017.  However, the last year in which the Debtors filed a tax return was 2007.  Because the Debtors had not yet filed their 2017 federal income tax return, due to the trustee was a copy or transcript of the most recently-filed-tax return, in this case the 2007 return.

### III. CONCLUSION

While it appears that the Debtors did provide the trustee with a copy of their 2007 federal income tax return, it is unclear from the record whether that return was provided by the deadline.  Therefore, the court will enter a separate order scheduling a hearing to determine if the Debtors met the November 29th deadline and if not, whether the Debtors' failure to comply was due to circumstances beyond their control.[2]

---

[2] Alternatively, in light of the analysis stated herein, the trustee is free to withdraw his motion, at which time to court will cancel any scheduled hearing in this matter.